SARAH V. KINNEY, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied, without costs. · Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur; Foster, J., taking no part. [See ante, p. 788; post, p. 960.]

SOL COHEN, Appellant, v. ELIZABETH PELTON, Individually and as Executrix of JOHN BREHENY, Deceased, et al.; Respondents.— Appeal from a judgment in favor of the defendants, Elizabeth Pelton and Frank Breheny, dismissing the complaint as the result of a verdict of no cause of action. The action was to recover broker's commissions on a sale of real estate. The evidence justified the verdict. There were no prejudicial rulings. Judgment affirmed, with costs. All concur.

R. H. CUNNINGHAM & SONS COMPANY, Respondent, v. STATE OF NEW YORK, Appellant.— The State has appealed from a judgment of the Court of Claims in favor of claimant awarding it $18,804.42 plus interest making a total award of $28,014.40 for items of extra work and material in connection with the construction of 7.24 miles of county highway along the easterly shore of Lake George. The State concedes that claimant is entitled to an award of $2,908.70 and challenges the other items. Only questions of fact are involved. The evidence sustains the finding of the Court of Claims. Judgment affirmed, with costs. All concur.

MARJORIE GLOSS, Respondent, v. FLORENCE STICKLES, Appellant.— Plaintiff had recovery against defendant at Trial Term for damages for personal injuries sustained· when she was struck by a falling window screen while she was walking on the public sidewalk in front of defendant's premises. The appeal raises the question as to the sufficiency of the evidence to support a ·finding that the screen fell from a window in defendant's building and over which she was in such control as to be responsible for the accident. Plaintiff's evidence as to the identity of the window, out of which the screen fell, as being one in defendant's building, was wholly circumstantial. But such as it was, together with evidence of an admission by defendant, the making of which was denied at the trial, was, we think, sufficient to pass the problem to the jury, and their solution of it may not be said to be against the weight of the evidence. Order and judgment affirmed, with costs. All concur.

In the Matter of NISSIN S. HANOKA, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— A proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Regents revoking petitioner's license to practice dentistry in the State of New York. Petitioner was convicted, after trial, in a Court of Special Sessions, New York City, of the unlawful practice of medicine. This conviction was for a misdemeanor, but nevertheless a crime, and it was discretionary with the Board of Regents as to whether his license should be revoked on account of such conviction (Education Law, § 1311; subd. 2, cl. [f]). In addition, there is evidence in the record to sustain the charge that· petitioner was guilty of unprofessional conduct by the unlawful practice of medicine. Determination confirmed, without costs. All concur.